IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TOBY KITTRELL,<br><br>    Petitioner,<br><br>vs.<br><br>WARDEN BLUDWORTH;<br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA,<br><br>    Respondents. | Cause No. CV 21-12-H-SEH<br><br><br>**ORDER** |

## INTRODUCTION

On January 8, 2021,[1] state pro se petitioner Toby Kittrell filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254.

District Courts are to examine the petition before ordering respondents to file an answer or any other pleading.[2] The petition must be summarily dismissed, "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[3] The petition will be dismissed.

## BACKGROUND

Kittrell was sentenced in Montana's Fourth Judicial District, Missoula

---

[1] *See Houston v. Lack*, 487 U.S. 266, 276 (1988).
[2] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.
[3] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

County: (1) for Sexual Abuse of Children in Cause No. DC-17-217, and (2) for

Issuing a Bad Check, in Cause No. DC-12-158.[4] Kittrell originally received a fully

suspended sentence on the Bad Check charge, but is currently serving a 5-year

sentence imposed following violation of conditions of release.[5]

Kittrell first claims that parole is being unlawfully denied. He explains that

when he first began getting in trouble the Montana Parole Board (the Board) held a

recission hearing with the understanding that his parole would be reinstated upon

completion of treatment.[6] Kittrell asserts he has completed treatment and despite

doing everything he was asked to do, the Board denied him parole in November of

2020.[7]  Kittrell next claims he is being subjected to cruel and unusual punishment.[8]

In support of this claim, he explains the Board is requiring him to complete sex

offender treatment on a charge for which he is not currently in prison and that this

requirement will impair his transition back into the community.[9]  Kittrell

acknowledges that he has not presented either of these claims to the state courts

and that he was not required to do so because he is challenging the actions of the

---

[4] *See* Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/3010967/ (accessed February 9, 2021).
[5] Doc. 1 at 2.
[6] Doc. 1 at 4, ⁋ 13(A).
[7] Doc. 1 at 4, ⁋ 13(A).
[8] Doc. 1 at 5, ⁋ 13(B).
[9] Doc. 1 at 5, ⁋ 13(B).

Board.[10] Kittrell asks this Court to order him to be paroled to "an intensive supervision program" or, alternatively, to order "straight parole" to his parents' home.[11]

## 28 U.S.C. § 2254 PETITION

Kittrell's allegations do not present a basis for a federal claim. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."[12] The United States Supreme Court held in 1987 that the Montana parole statute created a protected liberty interest.[13] However, the Montana Legislature amended that statute in 1989 and the Montana Supreme Court held thereafter that inmates who committed offenses after 1989 have no liberty interest in parole.[14] Kittrell committed his underlying offenses in 2012 and 2017, therefore he has no liberty interest in parole.

Additionally, whether the Parole Board followed state law or its own procedures is an issue of state law, Kittrell may not "transform a state-law issue into a federal one merely by asserting a violation of due process."[15] To the extent that Kittrell attempts to challenge the operational procedures of the Montana Parole

---

[10] *See* Doc. 1 at 3-4, 5-6.
[11] Doc. 1 at 7, ⁋ 16.
[12] *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. U.S. 1, 7 (1979).
[13] *Allen v. Board of Pardons*, 792 F.2d 1404 (9th Cir. 1986) affirmed 482 U.S. 369 (1987).
[14] *Worden v. Mont. Bd. of Pardons & Parole*, 962 P. 2d 1157, 1165 (Mont. 1998).
[15] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (citing *Melugin v. Hames*, 38 F.3d 1478, 1482 (9th Cir. 1994)).

Board, the claim is not cognizable in federal habeas.

Kittrell cannot present a cognizable federal claim, unless and until he has exhausted his claims in the state court system. The pending petition must be dismissed without prejudice. Federal courts may not grant a writ of habeas corpus brought by an individual in custody by reason of a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State."[16]

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available,"[17] through the state's established procedures for appellate review;[18] (2) describe "the federal legal theory on which his claim is based;"[19] and, (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies,"[20] A petitioner must meet all three prongs of the test in one proceeding.

Kittrell's claims have not yet been presented to and adjudicated by the state courts. Since he has not yet exhausted his available state court remedies, this Court cannot review the claim.[21] Dismissal is without prejudice is required.[22]

---

[16] 28 U.S.C. §2254(b)(1)(A).
[17] 28 § 2254(b)(1)(A).
[18] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).
[19] *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008).
[20] *Davis,* 517 F.3d at 1009; *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)).
[21] *See Rose v. Lundy*, 455 U.S. 509 (1982).
[22] *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

4

## CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[23] A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right."[24] The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."[25] If a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[26]

Kittrell has not made a substantial showing that he was deprived of a constitutional right. Reasonable jurists would find no basis to encourage further proceedings at this time. There are no close questions. There is no reason to encourage further proceedings in this Court.

ORDERED:

1.   The Petition[27] is DISMISSED without prejudice.

2.   The Clerk of Court is directed to enter judgment in favor of

---

[23]*See* Rule 11(a), Rules Governing § 2254 Proceedings.
[24] 28 U.S.C. § 2253(c)(2).
[25] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).
[26] *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).
[27] Doc. 1.

Respondents and against Petitioner.

      3.      A certificate of appealability is DENIED.

DATED this ___11th___ day of February, 2021.

Sam E. Haddon
United States District Court Judge